UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NATIONAL CASUALTY COMPANY and, AMERICAN ALTERNATIVE INSURANCE CORPORATION | CIVIL ACTION NO. |
| **Plaintiffs** | JUDGE |
| versus | |
| TOM'S WELDING, INC. | MAGISTRATE JUDGE |
| **Defendant** | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs National Casualty Company and American Alternative Insurance Corporation as several subscribing Underwriters to Policy No. SGM-0003024 (collectively referred to as "Underwriters") seek a declaratory judgment that Underwriters are not obligated to defend or indemnify Tom's Welding, Inc. (the "Assured") in connection with a lawsuit (the "Underlying Action") filed by Louis Aaron Monroe ("Monroe"). Underwriters respectfully allege and aver upon information and belief as follows:

### PARTIES

1. At all pertinent times, National Casualty Company was, and still is, a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business in Scottsdale, Arizona. National Casualty Company severally subscribes a share of Policy No. SGM-0003024.

2. At all pertinent times, American Alternative Insurance Corporation was, and still is, a corporation organized and existing under the laws of the State of Delaware, with its

principal place of business in Princeton, New Jersey. American Alternative Insurance Corporation Company severally subscribes a share of Policy No. SGM-0003024.

3. At all pertinent times, the Assured, was, and still is a corporation organized and existing under the laws of the State of Louisiana, with its principal place of business in Buras, Louisiana.

## NATURE OF THE CLAIM

4. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Rules of Civil Procedure to determine an actual case and controversy between Underwriters and defendants regarding the parties' respective rights and obligations under Policy No. SGM-003024 (the "Policy").

5. Underwriters seek a judgment declaring that they have no duty to defend or indemnify the Assured or make payment to Monroe or any other party in connection with the Underlying Action.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the matter in controversy exceeds the sum of $75,000, exclusive of interest, attorneys' fees and costs.

7. Venue is proper in the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(a)(1) because the defendant is subject to the jurisdiction of this Court.

## FACTUAL BACKGROUND

8. Monroe reportedly was employed by the Assured as a seaman when he suffered injuries to his low back, neck and head on or about January 18, 2010.

9. Monroe's alleged accident occurred while he was working aboard a crane barge owned and/or operated by the Assured. The barge reportedly was docked at Milt's Seafood Dock on the Bolivar Peninsula in Texas.

10. Monroe worked almost exclusively aboard the barge, which normally does not leave the dock. The barge reportedly is outfitted with a crane and is used for dredging operations.

11. Monroe has asserted that at roughly 1400 hours he was exiting the barge's tool shed when he slipped and fell in grease, mud and oil on the barge's deck.

12. Upon information and belief, Monroe and a co-worker were working exclusively aboard the barge on the date of the incident.

13. The MISS REBECCA, the only vessel insured by the Policy, was unmanned at the time of the incident.

14. By letter dated February 24, 2010, Underwriters denied coverage for this claim based on the lack of claim for liabilities related to the Assured's ownership of the insured vessel – the MISS REBECCA. A true and correct copy of the disclaimer letter is attached as Exhibit A.

15. Monroe filed the Underlying Action against the Assured in County Court No. 2 in Galveston County, Texas on February 22, 2010. He seeks damages for the personal injuries he allegedly sustained on January 18, 2010. A true and correct copy of the Petition for Damages is attached as Exhibit B.

16. Monroe asserts that on that date he was employed by the Assured as a seaman and was a member of the crew onboard the MISS REBECCA. Monroe claims he was in the course and scope of his employment when he sustained injuries to his right shoulder, neck, right elbow,

back, and body in general.  Plaintiff alleges that the MISS REBECCA was managed and/or operated by the Assured.

17. Monroe asserts claims for negligence, unseaworthiness, and maintenance and cure.  Plaintiff further asserts that the Assured's refusal to pay maintenance and cure was done willfully and wantonly and that he is therefore entitled to punitive damages.  Monroe seeks past and future damages for medical expenses, physical pain and suffering, mental aguish, physical impairment, physical disfigurement, and loss of earning capacity.

18. By letter dated April 8, 2010, counsel for the Assured demanded that Underwriters furnish "immediate defense and coverage in connection with [the *Monroe*] lawsuit."

## THE POLICY

19. The Policy provides Protection & Indemnity ("P&I") coverage subject to certain terms, conditions, limitations and exclusions.  A true and correct copy of the Policy is attached as Exhibit C.

20. The only insured vessel listed in the Policy is the MISS REBECCA.

21. The Policy provides that "it is warranted that the total number of persons aboard the vessel(s) named herein at any one time shall not exceed 2."

22. The P&I clauses are written on Form SP-38 and provide in relevant part as follows:

> In consideration of the premium and subject to the warranties, terms and conditions herein mentioned, this Company hereby undertakes to pay up to the amount hereby insured and in conformity with lines 5 and 6 hereof, such sums as the Assured, as owner of the "MISS REBECCA" shall have become legally liable to pay and shall have paid on account of…loss of life of, or injury to, or illness of, any person….

\* \* \* \* \* \* \*

>Costs or expenses, incurred with the Company's approval, of investigating and/or defending any claim or suit against the assured arising out of a liability or an alleged liability of the assured covered by this policy.

* * * * * * *

>This Company shall have the option of naming the attorneys who shall represent the assured in the prosecution or defense of any litigation or negotiations between the assured and third parties concerning any claim covered by this policy, and shall have the direction of such litigation or negotiations.

## DECLARATORY RELIEF

23. Underwriters adopt and incorporate by reference the allegations set forth in the preceding paragraphs above as though completely and fully set forth herein.

24. There is an actual, present and existing controversy between Underwriters and the Assured regarding Underwriters' defense and indemnity obligations under the Policy in connection with the Underlying Action.

25. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201-2202, Underwriters seek a judicial declaration of their rights and duties under the Policy. The Court's declaration will confer certainty on the parties and serve the interests of justice.

26. No coverage is afforded under the Policy based on the absence of a claim against the Assured for liability as the owner of the MISS REBECCA. Underwriters are also not obligated to defend the Assured in connection with the Underlying Action.

27. In addition to the foregoing provisions, Underwriters plead all other conditions, terms, warranties, limitations, definitions and exclusions of the Policy, which also may be found to be applicable as Underwriters' investigation of this matter continues, and reserve the right to amend their Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

WHEREFORE, Underwriters respectfully request that this Court enter a judgment declaring the rights and obligations of the parties under the Policy, including, but not limited to, the following: (a) that the Policy does not afford insurance coverage in connection with the Underlying Action; (b) Underwriters have no obligation to provide the Assured with a defense in connection with the Underlying Action; (c) Underwriters have no obligation to make indemnity payment to the Assured under the Policy in connection with the Underlying Action; and (d) for all such other and further relief as equity and the justice of the cause may require and permit.

    Respectfully submitted,

_____
T. KENT MORRISON (BAR # 5802)
CHARLOTTE JANE SAWYER (BAR # 28493)
Phelps Dunbar, LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534
Phone: (504) 566-1311
Facsimile: (504) 568-9130

**ATTORNEYS FOR NATIONAL CASUALTY COMPANY and AMERICAN ALTERNATIVE INSURANCE CORPORATION**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 17th, 2010 a copy of the foregoing Complaint for Declaratory Judgment was filed electronically with the Clerk of Court using the CM/ECF system. We have sent a copy of the foregoing to defendant via regular mail, facsimile and/or electronic mail.

                                              Charlotte Jane Sawyer
                                              Louisiana Bar No. 28493
                                              Attorney for National Casualty Company and
                                              American Alternative Insurance Corporation
                                              Phelps Dunbar LLP
                                              365 Canal Street, Suite 2000
                                              New Orleans, Louisiana 70130-6534
                                              Telephone: (504) 566-1311
                                              Facsimile: (504) 568-9130
                                              sawyerc@phelps.com